UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN BUNTING,
        Plaintiff,
vs.

CASE NO.: 8:22-cv-00541-WFJ-SPF

PROGRESSIVE AMERICAN
INSURANCE COMPANY,
        Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, HELEN BUNTING, by and through the undersigned attorney, hereby sues Defendants, PROGRESSIVE AMERICAN INSURANCE COMPANY (hereinafter "PROGRESSIVE"), and alleges:

## COMMON ALLEGATIONS

1. This is an action for damages which exceeds $30,000.00.

2. At all times material hereto, Plaintiff, HELEN BUNTING, was a resident of Winter Haven, Polk County, Florida.

3. At all times material hereto, PROGRESSIVE, is a Foreign Profit Corporation authorized to do business in the State of Florida.

4. At all times material hereto, Plaintiff, HELEN BUNTING, was insured under PROGRESSIVE policy providing uninsured/underinsured motorist coverage.

5. At all times material hereto, Plaintiff, HELEN BUNTING, was insured under policy 49017380 ("Policy") that provided uninsured/underinsured motorist coverage with Defendant, PROGRESSIVE. The subject policy was underwritten by Defendant at considerable additional costs to Plaintiff, who is not, as a matter of law, required to carry uninsured/underinsured motorist coverage. The Policy was in full force and effect at the time of the above-referenced collision, and as such, Plaintiff is entitled to all rights and benefits under

1



the Policy as such policy provided for up to one hundred-thousand dollars ($100,000.00) of benefits for Plaintiff's protection.

6. The original UM Policy is in the exclusive control and custody of Defendant, PROGRESSIVE.

7. By the Policy, Defendant, PROGRESSIVE, agreed to provide Plaintiff, HELEN BUNTING, coverage for damages resulting from bodily injuries sustained as a result of an accident arising out of the operation, maintenance or use of an uninsured/underinsured motor vehicle. Additionally, Plaintiff had PIP coverage with Defendant and as such, Defendant paid a portion of medical bills related to Plaintiff's injuries under Plaintiff's PIP policy and therefore, Defendant had access to medical billing and treatment particulars pertaining to Plaintiff, sufficient to charge Defendant with actual knowledge regarding the gravitas of Plaintiff's injuries as well as her need for ongoing treatment as of November 9, 2018[1]. As of November 9, 2018, Defendant knew or should have known that the amount tendered by Defendant to Plaintiff, twenty-five hundred and thirty dollars ($2,530.00) was inherently unreasonable, unfair and highly prejudicial to Plaintiff as the insured party[2].

8. At all times material hereto, Jordan Gendreau, was an uninsured motorist.

9. On or about October 5, 2018, uninsured motorist, Jordan Gendreau, owned and/or operated a motor vehicle in Winter Haven, Polk County, Florida.

10. At that time and place, Jordan Gendreau negligently operated or maintained the motor vehicle, so that it collided with the vehicle that Plaintiff was driving.

---

[1] In fact, Defendant was aware that Plaintiff was still medically treating in connection with the underlying accident (through Nov. 25, 2018) during the time that Defendant induced Plaintiff to executed a release in Defendant's favor. (See, Exhibit A).

[2] As of November 9, 2018, Defendant has paid approximately $8,897.27 in medical bills under the PIP policy that Plaintiff had with Defendant and Defendant was aware that Plaintiff's medical treatment was still ongoing in nature. Thus, the waiver that Defendant encouraged Plaintiff to execute was engineered for the purpose of securing a resolution for Defendant that could only be for the benefit of Defendant and at the express expense of Plaintiff, contrary to the ethical duties that Defendant owed to Plaintiff.

11. As a result of the aforesaid negligence, Plaintiff, HELEN BUNTING, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money and/or aggravation of a previously existing condition, including a herniation of the lumbar spine at L5/S1, which were, upon information and belief, facts well known to Defendant. Plaintiff's losses are either permanent or continuing, and Plaintiff, HELEN BUNTING, will suffer the losses in the future. Some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

12. PROGRESSIVE contacted Plaintiff, HELEN BUNTING, offering to advance funds towards her medical bills. It was never Plaintiff's intention to release PROGRESSIVE from any further responsibility as it relates to the motor vehicle accident of October 5, 2018.

13. On or about November 9, 2018, PROGRESSIVE presented several documents to Plaintiff, HELEN BUNTING, for execution. Plaintiff was advised by PROGRESSIVE, she needed to sign medical documents in order to receive advancement on her mounting medical bills. Within the purposed documents was an Uninsured/Underinsured Motorist Release. (Exhibit "A")

14. Plaintiff, HELEN BUNTING, contends she did not knowingly sign the Uninsured/Underinsured Motorist Release form either in writing or electronically and that it was never her intention to close the Uninsured/Underinsured Motorist coverage claims related to the motor vehicle accident of October 5, 2018, as she was still actively seeking medical care and treatment.

15. Defendant, PROGRESSIVE, is in violation of the *Ethical Requirement for All Adjusters and Public Adjuster Apprentices* provisions, including: 63B-220.201(3)(c) "An adjuster shall not approach investigations, adjustments, and settlements in a manner prejudicial to the insured."; 63B-220.201(3)(e) "An adjuster shall handle every adjustment and settlement with honesty and integrity, and allow a fair adjustment or settlement to all parties without any compensation or remuneration to himself or herself except that to which he or she is legally entitled." and 63B-220.201(3)(j) "An adjuster shall not knowingly fail to advise a claimant of the claimant's claim options in accordance with the terms and conditions of the insurance contract." Defendant breached its duties to Plaintiff under the aforementioned Administrative Ordinance and also Section 626.8698(5)&(6), Florida Statutes as the Defendant acted in solely its own interest to secure the resolution of a claim for an amount that only benefited Defendant, at the expense of Plaintiff.

16. Plaintiff, HELEN BUNTING, contends the release is invalid as the terms were misrepresented to Plaintiff; there was no "meeting of the minds" regarding the terms of the contract/release; Plaintiff was under undue influence as she trusted and reasonably relied upon PROGRESSIVE representative and entered the contract/release that she would not have entered into otherwise; Plaintiff had lack of capacity and did not understand what she was doing when entering into the contract/release; and the subject contract/release is one sided and unfair to Plaintiff as treatment and medical bills for treatment were obviously and clearly ongoing. Coverage of Uninsured/Underinsured motorist coverage should be provided and/or settled without undue influence and/or misrepresentation. Plaintiff is entitled to the benefit of that for which she bargained for with Defendant and further, Plaintiff is entitled to expect and reasonably rely upon Defendant acting in accordance with Florida law, including the ethical

portions of the Florida Administrative Code, as cited and set forth above, which Defendant failed to do.

17.    Plaintiff, HELEN BUNTING, made a timely demand for payment of all damages pursuant to the terms of the uninsured/underinsured insurance coverage provided by Defendant, PROGRESSIVE, and Defendant, has failed or refused to pay same.

**WHEREFORE**, Plaintiff, HELEN BUNTING, demands judgment against PROGRESSIVE AMERICAN INSURANCE COMPANY for damages, costs, interest, and such other relief as this Court deems just and proper. Further, Plaintiff demands a trial by jury on all issues.

Dated this _____ day of _____, 2022.

**DEAN BURNETTI LAW**

By:_____
Dean Burnetti, Esq.
FBN: 0611689
W. John Gadd, Esq.
FBN:463061
1937 E. Edgewood Dr
Lakeland, FL 33803
jessica@burnettilaw.com
Tel: (863) 248-4188
Fax: (863) 279-1212
ATTORNEY FOR PLAINTIFF

# UNINSURED/UNDERINSURED MOTORIST RELEASE

POLICY HOLDER: Helen Bunting
CLAIMANT: Helen Bunting

CLAIM NUMBER: 18-4260428
POLICY NUMBER: 49017380

In consideration of the payment to the undersigned, the sum of **two thousand five hundred thirty dollars and zero cents ($2530.00)**, the receipt of which is hereby acknowledged, I(we), **Helen Bunting, as a single individual**, do hereby for myself(ourselves), release and forever discharge **Progressive American Insurance Company** (hereinafter referred to as "Company") from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of wages, loss of earning capacity, expenses, attorney fees and interest, direct or derivative, known or unknown, on account of or in any way arising out of, the ownership or operation of an uninsured/underinsured automobile by **JORDAN JAY GENDREAU**, which occurred on or about **October 05, 2018**, at or near **Buck Eye Rd/Buck Eye Loop Rd, Winter Haven Florida**.

It is understood and agreed that this settlement is in full compromise of a disputed claim as to questions of liability and as to the nature and extent of the injuries and damages. Further, neither this release, nor the payment pursuant hereto, shall be construed as an admission of liability.

The undersigned reserve(s) their right to pursue and recover future medical expenses, health care and related expenses from any person, firm, or organization who may be responsible for payment of such expenses, including any first party health or first party automobile personal injury protection or medical payments coverage, if so entitled.

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

Executed at _PROGRESSIVE 1479 TOWN CENTER DR. SUITE 201 LAKELAND, FL 33803_, this _9th_ day of _November_, _18_

_Helen M. Bunting_   _11-9-18_
Printed Name and Signature   Date

_____   _____
Witness Signature   Date

_____   _____
Printed Name and Signature   Date

_____   _____
Witness Signature   Date

R FL 2780F 01/2012

EXHIBIT A